UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYE JAHN LE 'DRE PARKER,<br>    Plaintiff,<br>    v.<br>SAN FRANCISCO SHERIFF'S DEPT., et al.,<br>    Defendant. | Case No. 21-01026 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the San Francisco County Jail, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the San Francisco Sheriff's Department and the City and County of San Francisco.[1] Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] The matter was reassigned to this Court on April 26, 2021. Dkt. No. 9.

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that from October 18, 2020 to October 28, 2020, he was subjected to inhumane living conditions due to the backed-up toilet in his cell and the persistent stench. Dkt. No. 1 at 2-3. Plaintiff claims that the "deputized staff" ignored him, sometimes for hours, until he could use the restroom elsewhere in the jail. *Id.* at 3. Plaintiff names the San Francisco Sheriff's Department and the City and County of San Francisco. *Id.* at 1. Plaintiff claims he suffered physical illness, emotional distress, and loss of appetite and sleep. Plaintiff seeks damages. *Id*. at 3.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511

2

U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Plumbing which deprives inmates of basic hygiene and seriously threatens inmates' physical and mental well-being amounts to cruel and unusual punishment. *See Hoptowit v. Spellman*, 753 F.2d 779, 783 (9th Cir. 1985); *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1409 (N.D. Cal. 1984).

Plaintiff satisfies the first element of an Eighth Amendment claim as the plumbing issues in his cell were objectively, sufficiently serious. *Id.* However, Plaintiff fails to satisfy the second element to state a § 1983 claim, i.e., that a person acting under the color of state law committed the Eighth Amendment violation. Plaintiff names the San Francisco Sheriff's Department and the City and County of San Francisco as defendants, but these entities are not an individual nor a "person" to satisfy the second element of an Eighth Amendment claim. Plaintiff shall be granted leave to file an amended complaint to identify at least one proper defendant from among the "deputized staff," who knew of and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer*, 511 U.S. at 837. The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

In preparing an amended complaint, Plaintiff should also keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

With regard to the San Francisco Sheriff's Department and the City and County of

San Francisco, Plaintiff fails to state a claim against them. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978);[2] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted); *see Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Nowhere in the complaint does Plaintiff allege that his conditions were the result of an official policy or custom. Plaintiff may attempt to state a *Monell* claim in an amended complaint if he can, in good faith, state sufficient facts in support; conclusory and speculative allegations will not be sufficient.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the

---

[2] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

4

caption and civil case number used in this order, Case No. C 21-01026 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action with prejudice for failure to state a claim, without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED**

Dated:  __June 25, 2021____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.21\01026Parker_dwlta

5